Filed 11/8/24  In re L.M. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| In re L.M. et al., Persons Coming Under the Juvenile Court Law. | B339034 |
| _____ | (Los Angeles County Super. Ct. No. 22CCJP00310A-B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| I.M., | |
| Defendant and Appellant. | |


APPEAL from orders of the Superior Court of Los Angeles County, Jean M. Nelson, Judge.  Conditionally reversed and remanded with directions.

Carol A. Koenig, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Jacklyn K. Louie, Deputy County Counsel, for Plaintiff and Respondent.

_____

A mother appeals from the juvenile court's orders terminating her parental rights to her children L.M. and K.D. Her sole contention is that the court and the Los Angeles County Department of Children and Family Services did not fulfill their inquiry and notice duties under the Indian Child Welfare Act and related state law (Welf. & Inst. Code, § 224 et seq.) (together, the Act or ICWA).

We need not explore the facts of this case due to the nature of the appeal and the disposition.

We conditionally reverse the orders and remand to allow the Department and juvenile court to comply with the Act and related California law.

The Department agrees that it failed to comply with the requirements of the Act. Although the Department had contact with various extended family members, the record is silent as to whether any ICWA inquiry was made of them, other than the maternal grandmother. "[E]rror resulting in an inadequate initial [ICWA] inquiry requires conditional reversal with directions for the child welfare agency to comply with the inquiry requirement of section 224.2, document its inquiry in compliance with [California Rules of Court,] rule 5.481(a)(5), and when necessary, comply with the notice provision of section 224.3." (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1136.)

## DISPOSITION

We conditionally reverse the juvenile court's orders and remand the matter to the juvenile court with directions to comply

2

with the further inquiry provisions of Welfare and Institutions Code, section 224.2.  In the event the further inquiry does not lead to reason to know L.M. and K.D. are Indian children, the juvenile court's orders shall remain in effect.


                                                    WILEY, J.

We concur:


          STRATTON, P. J.


          VIRAMONTES, J.

3